UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EZEKIAL JOHNSON, JR.,
    Plaintiff,

    v.

TEAMSTERS LOCAL 653 and BILL
TRASK,
    Defendants.

C.A. No. 20-006-JJM-LDA

## ORDER

Mr. Johnson worked at Ocean Spray Cranberries, Inc. ("Ocean Spray") from April 2016 until he was terminated in February 2017. Mr. Johnson paints a picture of a workplace filled with coworkers who were jealous of his work ethic because he worked many hours and who he alleges undercut him at every turn, threatening his safety and career, based on racial animus. His termination followed several incidents of discipline for workplace infractions, all of which Mr. Johnson disputes. He sued Ocean Spray and two individual employees in a separate suit (C.A. No. 20-001-JJM-LDA); this suit involves his allegations against Teamsters Local 653 ("the Union") and his Union Representative Bill Trask.

## I.   FACTS AND BACKGROUND

Mr. Johnson cites a few incidents at Ocean Spray where the Union and Mr. Trask violated their duties to represent fairly him and allowed him to be racially discriminated against, creating a hostile work environment. First, Ocean Spray suspended him for three days for crashing a forklift. ECF No. 1 at 7. Mr. Johnson

alleges that Mr. Trask "wholeheartedly agreed" with his objections to the discipline, but the Union denied the grievance. *Id.* Second, he reported to Mr. Trask that a coworker used a racial slur about him. *Id.* at 8. Ocean Spray investigated the complaint and concluded that the incident did not happen. *Id.* Mr. Johnson alleges that Mr. Trask did nothing about it either. *Id.* Third, he reported to Mr. Trask that he believed that someone crossed his name off an overtime list. *Id.* at 9. Mr. Johnson alleges that Mr. Trask offered to get him another job elsewhere. *Id.* Fourth, he alleges that Mr. Trask did nothing after another employee put his safety at risk while on the job. *Id.* at 10.

Finally, after being warned that one more infraction would lead to his termination, Mr. Johnson was terminated for leaving his workstation. *Id.* at 11. He filed a grievance challenging this termination. *Id.* Mr. Johnson met with Mr. Trask to discuss the grievance. *Id.* at 12. Mr. Trask told him that Ocean Spray denied the grievance, relying on seven photographs of Mr. Johnson's work area taken from security cameras, showing that he was not present. *Id.* Mr. Johnson disputed what Ocean Spray believed the photos to reveal and the meeting became confrontational. *Id.* Mr. Trask asked Mr. Johnson to leave. *Id.* Mr. Johnson spoke with someone from the Teamsters International Union in Washington, D.C., faxed his complaint to them, but never heard back from them. *Id.* at 13.

Before the Court is the Union's and Mr. Trask's Motion to Dismiss Mr. Johnson's complaint for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. ECF No. 7. Mr. Johnson sued the Union and

Mr. Trask as its agent for violating Title VII of the Civil Rights Act of 1964 by failing to intervene in or prevent the hostile work environment based on his race and retaliation for protected conduct. He also claims a violation of Section 301 of the Labor-Management Relations Act for a breach of the duty of fair representation in not processing his grievances.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A *pro se* complaint is held to a less stringent standard that one drafted by an attorney and the Court should read it liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st

Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

Mr. Johnson has sued the Union and Mr. Trask under Title VII and the Labor-Management Relations Act.

Mr. Trask first argues that he should be dismissed because Title VII does not allow for individual liability. The Court agrees. "The statutory scheme [of Title VII] itself indicates that Congress did not intend to impose individual liability on employees." *Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009) (*citing Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)). "For said reason, we find that 'Title VII addresses the conduct of employers only and does not impose liability on coworkers....'" *Fantini*, 557 F.3d at 31 (quoting *Powell v. Yellow Book U.S.A., Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006)). Thus, because there is no individual employee liability under Title VII, Mr. Trask is dismissed from this suit in his individual capacity.

### A.   Title VII

Reading his complaint liberally, Mr. Johnson has brought a hostile work environment theory race discrimination claim against the Union. Title VII makes it

4

unlawful for an employer to discriminate against or classify an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1)(2).

To plead a discrimination claim against a Union, Mr. Johnson must establish a prima facie case asserting that 1) he is a member of a protected class; 2) the Union failed to pursue a grievance on his behalf, and 3) there is some evidence that the Union was motivated by discriminatory animus. *Casamento v. Massachusetts Bay Transp. Auth.*, 559 F. Supp. 2d 110, 118 (D. Mass. 2008). Mr. Johnson has pled no facts in support of the third element. In fact, other than the Union's knowledge that Mr. Johnson believed a coworker used a racial slur against him—an issue that Ocean Spray investigated and concluded did not happen—there are no allegations that race was a factor in any of his dealing with the Union. His Title VII claim against the Union cannot be sustained.

B.     **Duty of Fair Representation**

Defendants argue that Mr. Johnson's duty of fair representation claim must be dismissed because he filed it out of time.

A six-month statute of limitations applies to duty of fair representation claims. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983). A duty of fair representation claim arises when a "plaintiff knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing." *Graham v. Bay State Gas Co.*, 779 F.2d 93, 94 (1st Cir. 1985). From Mr. Johnson's allegations, it is clear that he believed the Union did not support his grievances and/or workplace problems at the

time of his termination meeting with Mr. Trask in April 2017.  He filed this complaint against the Union in January 2020, almost three years later.  Therefore, his duty of fair representation claim is time barred and DISMISSED.

IV.    CONCLUSION

Because Mr. Johnson's claims against the Union and Bill Trask are not sustainable, they are DISMISSED.  The Court GRANTS Defendants' Motion to Dismiss.  ECF No. 7.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

August 17, 2020

6